### CINCIN. AUTO BODY CO. v. AUTO SUN PROD. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2801. Decided March 29, 1926

**225. CHARGE TO JURY**—Where court fails to cover the case fully, it is not a ground for reversal unless omission is called to court's attention and request is made to charge on the subject omitted and such request is refused; providing jury is not misled by the charge as given.

CUSHING, J.

The Auto Sun Products Co. brought an action against the Cincinnati Auto Body Co. in the Hamilton Common Pleas to recover on a contract by which it was alleged the Body Co. agreed to buy and the Products Co. to manufacture 5,750 windshields. It was also averred that 3000 windshields of the order were accepted and paid for, whereupon the Body Co. refused to accept any more windshields.

The Products Co. claimed it was able to perform and that by failure of the Body Co. to take the balance of the order, it was damaged in the sum of $1580.51, by reason of the purchase of special material; and further in the sum of $3000.

The Body Co. denied entering the alleged agreement and claimed that the windshields purchased and paid for were furnished pursuant to written orders from time to time. By way of counterclaim it was averred that the windshields delivered were defective and incomplete so that damages resulted to the extent of $390.20. The jury found in favor of the Products Company in the sum of $1,842.18; and judgment was entered on the verdict. Error was prosecuted to reverse the judgment and the Court of Appeals held:

1. It is claimed that the charge of the court was indefinite; and that there was a failure to state the law by which the jury was to be guided in determining whether or not a contract had been entered into.

2. While the court did state that the jury was to determine whether or not there was a contract entered into from the facts adduced, there was a failure to state the law as to the essentials of a valid contract.

3. The attention of the court was not called to any of the omissions in the charge, nor was the court requested to charge on any question.

4. If a court fails to cover all questions in the case, in its charge, such failure is not ground for reversal unless such omission is called to the attention of the court, and it is requested to charge upon the subject; and that request is refused, the jury not being misled by the charges given. 112 OS. 35.

Judgment affirmed.

Attorneys—Matthews & Matthews for Body Co.; Heintz & Heintz for Products Co.; all of Cincinnati.