## BRINT et v DOYON

Ohio Appeals, 6th Dist, Lucas Co

No 2149.  Decided February 4, 1929

Ed. H. Ray, Toledo, for Brint.
Charles P. Carroll, Toledo, for Doyon.

Judges SHIELDS, HOUCK & LEMERT (5th Dist) sitting.

LEMERT, J.

The plaintiffs in error in this case complain of the action of the trial court in striking out of the answers the allegations of cotenancy claiming that these allegations showed them to be agents for themselves and the other co-tenants, and therefore not liable on their written contract. Irrespective of the existence or non-existence of the co-tenancy alleged, the plaintiffs in error were at least the owners of undivided interests in the premises platted. Consequently their contract was in their own behalf and they are liable for its breach, even though there might have been others financially interested in the sale, or, in other words, they could not be both principal and agent in respect to their own property.

**Yeoman vs. Lasley, 40 Ohio St., 190:**
**Hullett vs. Fairbanks, 40 Ohio St., 233.**

Furthermore, the proof of such allegations could be accomplished only by a violation of the rule making parol evidence inadmissible to contradict a written contract.

**21 R. C. L., 848;**
**Holzworth, et al. vs. Koch, et al., 26 Ohio St., 33.**

Neither would this rule afford any protection to Doyon as against other persons who might be strangers to this contract.

**Clapp vs. Bank, 50 Ohio St., 528.**

It is further contended that the acceptance of the deed by Doyon merged his rights under the written contract. In other words, that Doyon's rights under the written contract were all extinguished by the acceptance of the deed which did not carry the provisions of the contract with reference to the improvements. We understand the rule to be that a deed extinguishes the obligations of a prior contract so far, and only so far, as it excludes them.

**Burckhardt vs. Burckhardt, 36 Ohio St., 261;**
**Brumbaugh vs. Chapman, 45 Ohio St., 368;**
**Conklin vs. Hancock, 67 Ohio St., 455.**

The record clearly shows that all these improvements could have been installed any time from August, 1918, to the spring of 1927, when the sewer was completed, as the water mains were laid in Lewis Avenue and were available. There was a main sewer in Lewis Avenue, which was available. A trunk line for carrying electricity was in Lewis Avenue, and available

in 1918. Extensions for these lines through Wellington Heights could easily have been secured for the benefit of the defendant in error ,and all the other residents of that district in 1918, and under such circumstances nine years can scarcely be considered a reasonable time.

The last and only other claim made by plaintiff in error is that the verdict in this case is excessive. In order to justify a reversal on this ground, the amount of the verdict must be such as to show passion or prejudice on the part of the jury. **Railroad vs. Miller, 108 Ohio St., 388.**

The lot was purchased by Doyon in 1918 for the immediate erection of a home, made necessary by the inadequacy of his own home on Walnut Street,—all of which was communicated to Brint at the time of the purchase,—and because of the failure of Brint and Welling to perform their contract, Doyon was compelled to wait nine years before he could start his new home. We do not believe that Doyon's damage is limited to the actual amount of money he paid out for improvements in 1927. He was entitled, in addition thereto, to such general damages as naturally arose from the breach of this contract, and also such special damages as were reasonably and naturally the consequence of such breach, and which were in the reasonable contemplation of the parties at the time of the purchase.

From a careful examination of the whole record in this case, we find no prejudicial error to the rights of the plaintiffs in error and find that the judgment in the court below is fully warranted by the record evidence in the case. Therefore the judgment of the court below will be and the same is hereby affirmed.

Shields and Houck, JJ, concur.