## OHIO FUEL GAS CO v RINGLER

Ohio Appeals, 6th Dist, Ashland Co
No 208. Decided Dec 5, 1930

J. F. Henderson, Ashland, and C. L. Post, Columbus, for Gas Co.

Nist & O'Donnell, and C. E. McBride, all of Mansfield, for Ringler.

LEMERT, P. J., and SHERICK, J. (5th Dist) and JUSTICE, J. (3rd Dist) sitting.

**LEMERT, PJ**

With reference to the first claimed ground of error, the contract in evidence shows plainly as to who was to lay and construct the pipe line necessary to connect the "Sprott Well" to the gas line of the plaintiff in error, The Ohio Fuel Gas Company. The question presents itself as to whether or not the parol evidence rule was in this case violated. An examination of the record discloses that the evidence admitted in no way attempts to vary or change the terms of Paragraph 2 of the written contract, but it shows merely that the Gas Company voluntarily constructed the "hook up", and by so doing thereby waived the obligation of the defendants in error so to do. The record before us does not disclose that the first parties to this contract failed or refused to provide the "hook up" or that the Gas Company ever made demand upon them to perform this obligation, if such it be. It tends to and does show only the facts with reference to the "hook up" after the contract was executed. Under the **19 Oh Ap 57,** in an action for breach of contract, the question whether there was a Waiver of any of its terms is one for the jury.

Further examining the record we find that the plaintiff in error upon cross-examination brought out the fact that it was customary on their part to make such hook ups.

Therefore, it must be conceded that the evidence above referred to was not improperly admitted, and if it was improperly admitted, it was not prejudicial; and, further, the plaintiff in error could not now avail itself by way of objecting, for the reason that whatever right it had, it waived it by cross-examination, and later on produced direct evidence on the subject matter thereof. It is a well settled rule of law that the objecting party may waive his objection by giving evidence of the same facts as those objected to.

Jones on Evidence, Section 894.

As to the second and third grounds of error, the plainntiff in error during the progress of the trial objected to the admission of evidence relative to certain gas wells owned and operated by it and located in Section Twelve of Clear Creek Township, Ashland County, other than the wells which it owned and operated on premises adjoining the Sprott Tract. The Court did not rule on these objection at the time, but permitted the evidence to be admitted for the time being until such time as he should determine its competency or incompetency. The record fails to show that the plaintiff in error at any time pressed the Court for a ruling on these objections, and that not being done, there was therefore no exception to the Court's failure to rule thereon at the time, and the record discloses that the plaintiff in error entered into a cross-examination with reference to these wells, and in defense went into the testimony regarding them on its own behalf, and introduced numerous records pertaining thereto. The record discloses at the close of all of this evidence in the case this question was again raised and the Court ruled that this evidence was competent, and under the state of this record before us, we think properly ruled.

We do not find any evidence in the record that the sale of gas ever failed or fell off for any reason. It does not show that the Sprott Well was choked back temporarily. But the record does show that the Sprott Well was blind-plated and completely shut

off from production for long periods of time, and that while it was so shut off the wells of the plaintiff in error located on adjoining premises were permitted to operate, as well as its other wells located in said Section Twelve. The evidence discloses that practically all of the gas wells located in Section Twelve were draining gas from a common natural gas reservoir or pool, and that therefore when the Sprott Well was closed from delivering and these other wells were operating, the Sprott Well was being depreciated in rock pressure, volume and value, due to the fact that these other wells were draining the gas which would otherwise have been produced by the Sprott Well. We believe the operation of wells on adjoining property was competent to prove the breach of contract and also competent to prove the damage resulting therefrom by reason of such operation. The operation of the other wells in Section Twelve was competent to show the damages which directly resulted from the breach of contract. Therefore it would follow that as a result of such operation the Sprott Well was unable to produce the amount of gas which it would have produced had the plaintiff in error carried out the terms of its contract. Had the Court below refused to admit this testimony, such ruling would have been highly prejudicial to the defendant in error.

With reference to the Special Requests No. 1 and No. 2, upon a careful examination of the same we find and believe that if these charges had been given, they would have limited the jury in determining the damages to the damages caused by the three adjoining wells, only, when it was the province of the jury and they had a right to look to all the circumstances and factors which caused the damage to the Sprott Well as a direct result of the breach of the contract.

Therefore it follows and is evidence to this Court that the two Special Requests submitted to the Court below to charge were properly refused, as they did not properly state the law with reference to the subject matter in this case.

With reference to the Charge of the Court, counsel for plaintiff in error, both in oral argument and in brief, stress that the Court erred in its Charge to the jury:

1. That it failed to separate and state the issues.

2. Failed to instruct the jury on the terms of the contract.

3. Failed to instruct the jury as to how to arrive at the measure of damages if they found for the defendants in error.

All these objections it will be noted are complaints and objetcions of the plaintiff in error, as directed at said charge, to alleged errors of omission, only. Plaintiff in error does not allege or complain of any errors of commission contained in the charge. The record discloses that the plaintiff in error at the close of the Court's charge took a general exception thereto but did not suggest or request the Court to charge further on any proposition or to any omission or omissions in the Court's charge, although the record shows that at the close of the charge the Court asked counsel on both sides of the case if there was anything further that they desired him to charge.

In the **Law Abstract** of April 4, 1928, **Abstract No. 6, 497,** this being a case from the Court of Appeals of Summit County, it is held:

"Failure to charge upon an important issue on trial is not fatal especially when counsel fails to call attention to it after the Court has asked if he had omitted to charge upon any issue in the case."

**21 Oh Ap 251:** "If the jury is not misled, failure of a court to cover all issues in its charge is not ground for reversal unless the omission is called to the Court's attention and correction is refused."

**28 O. L. R. 564:** "A defendant who made no request for additional charges can not complain of incompleteness of charge."

With reference to the misconduct of counsel, we have examined the record thereon, and the record does not give the argument made by one of the counsel for plaintiff below or any part thereof, and it simply and merely shows objection made on the part of one of the counsel for defendant below, and there is therefore nothing in the record upon which error by reason of alleged misconduct of counsel can be predicated.

**77 Oh St 529, 531:** "The remarks of counsel in addressing the jury, to be the predicate of a proceeding in error upon the ground of misconduct of counsel in that regard, must be brought into the record of the trial by the certificate of the trial judge, as are other matters occurring upon the trial and in his presence. They cannot be introduced

by affidavit."

"Improper remarks to the jury during argument should be at once objected to."

With reference to the verdict rendered by the jury in this case, we note from the record that all the parties entitled to any benefits under the contract in question were made parties to the suit and those not desiring or those who refused to join as parties plaintiff were made parties defendant under the Statute. The, pleadings and the charge of the Court clearly set forth the interests of the parties asking for affirmative relief and the jury was entitled to and they did so find and render a joint verdict in favor of those parties.

There are other assignments of error alleged in the Petition in Error, but were not pressed nor commented on by counsel for plaintiff in error, either in oral argument or written brief, and the same not being seriously contended for on the part of plaintiff in error, we have not herein referred to the same.

It therefore follows that from an examination of the whole of the record in this case and having given consideration to all claimed grounds of error, we find and believe that the parties herein had a fair and impartial trial, that the verdict of the jury was fully warranted under the evidence in the record, and that there is no error in this case prejudicial to the rights of plaintiff in error herein. It therefore follows that the judgment of the Court will be and the same is hereby affirmed.

Exceptions may be noted.

Sherick, and Justus, JJ, concur.