### NUNN v DAVIDSON (2 cases)

Ohio Appeals, 1st Dist, Hamilton Co

Nos 5171 & 5172. Decided Jan 11, 1937

August A. Rendigs, Jr., Cincinnati, and Scott H. Ray, Cincinnati, for appellees.

Henry A. Beebe, Cincinnati, for appellant.

## OPINION

By TATGENHORST, PJ.

These cases are presented on appeal on questions of law from the Court of Common Pleas of Hamilton County. They involve the same state of facts and are considered together.

Ida Nunn, a woman 59 years of age, alleged she was operating her 1930 Essex Coach on the afternoon of June 25, 1935,

in a westerly direction on Feldman Avenue, her husband, Elmore E. Nunn, age 60, was seated in the front seat to her right. When the automobile reached the intersection of Feldman and Carthage Avenues, Mrs. Nunn alleges she brought her car to a stop, looked to the left and saw no vehicle approaching, looked to the right and saw a truck coming south on Carthage Avenue between half a block and a block away; that she felt she had ample time to cross the street; that she shifted into low gear, then into second, and started across the street, looking ahead of her to see if pedestrians were in her path. That when she was half way across the street, she looked to the right and saw that the truck was nearly upon her. That Davidson's authorized agent and servant was operating the truck in a southerly direction at a high and excessive rate of speed, namely at a rate of greater than 45 miles per hour; that the driver failed to give a signal of any description so to warn Mrs. Nunn of the approaching danger; that he failed to equip his truck with sufficient brakes to control it; that he failed to keep a proper lookout ahead; that he failed to keep his truck under proper control; and failed and neglected to stop his truck and so steer and guide it after he saw, or in the exercise of ordinary and reasonable care, should have seen the automobile of Mrs. Nunn and in failing to avoid striking it, resulting in the truck striking the automobile, damaging it, seriously injuring Mrs. Nunn, and causing the death of her husband, Elmore E. Nunn.

Davidson admitted he owned the truck and that there was a collision. He alleges that the collision was caused by the sole negligence of Mrs. Nunn, that she failed to stop at the intersection before driving across Carthage Avenue; that she failed to yield the right of way to the truck; that she operated her automobile without regard to the general and usual rules of the road; that she drove her machine at a high and dangerous rate of speed; that she failed to keep a proper lookout for a machine approaching from her right; that she failed to signal in any way her approach, and that by reason of her sole negligence, the collision occurred.

The premises were viewed and the trials resulted in a verdict of $6,000.00 in favor of Mrs. Nunn, and a verdict of $10,000.00 in favor of the administrator of the estate of Elmore E. Nunn.

Appellant submitted two interrogatories, both of which were answered in the negative:—The first:

"When the front end of plaintiff's auto reached the center line of Carthage Ave., did she look in the direction in which the truck of the defendant was approaching?"

The second:

"When the front end of plaintiff's auto reached the center of Carthage Ave. was there anything to obstruct her view of the approaching truck of the defendant?"

The court will dispose of the Ida Nunn case first.

Appellant contends that the verdict is contrary to the weight of the evidence, in that the appellee was guilty of negligence that directly caused the accident and collision; and, second, that the verdict is excessive and appears to have been given under the influence of passion and prejudice.

The record shows that appellee was familiar with this intersection. She was returning from a visit to her daughter who lived on Feldman Avenue, east of Carthage. Appellee formerly lived in the house then occupied by her daughter and she was in the habit of visiting her daughter two or three times a week.

Disinterested witnesses testified that appellee stopped at the stop sign, that she moved slowly across the intersection, and that she was three-fourths of the way across when struck by the truck; that the truck of the appellant was going 40 miles per hour. The exhibits show that the right door and side of the automobile were badly damaged. The record states that the machine was pushed to the southwest corner of the intersection, over the curb, across the sidewalk, and landed on its side.

The question of appellee's negligence, if any, was one of fact and properly submitted to the jury. It was a question upon which reasonable minds might reasonably arrive at different conclusions.

Appellant lays stress on the answers to the two interrogatories. The jury stated that the appellee, upon reaching the center line of Carthage Avenue, did not look in the direction in which the truck was approaching and that at that time and place there was nothing to obstruct her view of the approaching truck. This did not establish that appellee was guilty of contributory negligence as a matter of law. She was under no legal obligation to look when she reached the center of Carthage Avenue. She was only required to exercise ord-

inary care and prudence for her own safety while crossing, and the question as to whether she did so was properly submitted to the jury. **Cincinnati St. Ry. Co. v Snell, 54 Oh St 197.**

Appellee testified she looked to the left and then to the right. Upon looking to the right she saw a truck coming between half a block and a block away. The ██ failure of the appellee to anticipate negligence on the part of the appellant does not defeat her action. **Trentman v Cox, 118 Oh St 247.**

Appellant had an absolute right of way, being on the preferential highway, providing he proceeded in a lawful manner. This was for the jury to decide. Appellee's witnesses testified appellant's agent and servant was operating the truck at 40 miles per hour. Appellant's agent testified he was going from 20 to 25 miles per hour. He also states that the automobile came right out in front of him; that the first time he saw Mrs. Nunn she was half way across the intersection. This contradiction in the testimony is for the jury to adjust in accordance with their conception of the credibility of the witnesses.

Appellant contends the verdict is excessive and appears to have been given under the influence of passion and prejudice.

Appellee was 59 years of age, in apparent good health. She received a scalp wound, and a cut under the chin, severing several large blood vessels, and deep enough to expose the roots of her tongue. Her face was permanently disfigured. Her left upper arm received a cut six inches long. Her most severe injuries were two broken bones in her left leg, which resulted in an operation, the wearing of a cast, enduring great pain and discomfort. She was in a hospital for three months and at home in bed for a like period. She used crutches and then a cane. Her physicians testified that she was restricted from 40 to 50% in the use of her leg, and that she would limp permanently. Her hospital bill was $850.00. Appellant offered no medical testimony to contradict the above facts.

This court is of the opinion that the verdict is not excessive and was not given under the influence of passion ██ and prejudice. A careful reading of the entire record causes us to come to the conclusion that the parties have been awarded substantial justice, and that no error, prejudicial to the rights of the appellant, has intervened, re-

quiring a reversal of the judgment of the Court of Common Pleas, which is hereby affirmed.

In the case brought by the administrator of the Estate of Elmore E. Nunn, appellant alleges three grounds of error, and they are as follows:

Contributory negligence of one of the beneficiaries, to-wit: the widow, Ida Nunn, who drove the car; that the damages awarded are excessive and appear to have been rendered under passion and prejudice; and that the verdict and judgment are contrary to the weight of the evidence.

This action was brought for the pecuniary loss, resulting from the death of Elmore E. Nunn, and for the exclusive benefit of the wife and two adult children.

Appellant contends that the widow's negligence contributed to the collision; that the court should have so charged, and that upon doing so, the amount of the recovery would have been decreased.

Appellant pleaded sole negligence only in his answer. The contributory negligence of the widow was never referred to at any time in the record. Counsel did not at any time request the court to charge on the phase of contributory negligence. Counsel was asked on two occasions if he had anything further, but stood mute. The evidence sustaining this element was extremely meager, amounting to little more than a scintilla. It became involved in the case simply because a beneficiary may not be considered by the jury in reaching the aggregate compensation of loss to all beneficiaries, if such beneficiary has been guilty of contributory negligence. The contributory negligence of one beneficiary has no effect ██ upon the consideration to be given the loss shown to have been suffered by others.

The matter then really became important in the consideration of the question of the amount of damages to be awarded by the jury in the aggregate. Under such circumstances, we consider such failure to charge one of omission rather than commission, and counsel having failed to call the attention of the court to its omission seasonably, we fail to find ██ such error, prejudicial to the appellant, as will warrant a reversal of the judgment. No special interrogatories were submitted by which the interest in the verdict of the particular beneficiary charged with contributory negligence can be ascertained.

There is respectable authority also that

the failure to charge upon contributory negligence is a matter of ▮▮▮▮▮ ▮ omission and must be called to the attention of the court. Ohio Fuel Gas Co. v Ringler ct, 33 Ohio L. R. 575, (9 Abs 202). Empire Finance Co. v Elliott, 6 Abs 497. Cincinnati Auto Body Co. v Auto San Products Co., 21 Oh Ap 251, (4 Abs 610). Brint et v Doyon, 28 Ohio L. R. 564, (7 Abs 427). It became the duty of counsel for appellant to call the attention of the court to such omission and to request such further instructions as he might desire. Columbus Ry. Co. v Ritter, 67 Oh St 53. New York Life Ins. Co. v Hosbrook, 130 Oh St 101, 105.

The court is of the opinion that the two issue rule has no application to this case.

The verdict and judgment are not excessive. The decedent was 60 years of age, in apparent good health, ▮▮▮▮▮ ▮ earned the sum of $25.00 per week at wall papering, and the sum of $5.00 per week as a building association director. His expectancy of life was from 14.31 to 14.50 years, as shown by the mortality tables. The jury allowed less than ½ of this amount.

The court is of the opinion that the verdict and judgment are not against the weight of the evidence. The record shows the negligence was solely that of the appellant.

Appellant contends that the trial court erred in its general charge.

The court instructed the jury that the decedent was not chargeable with the conduct of his wife, the driver of the automobile, and then instructed them as to the care required of the decedent. Appellant contends that from this particular part of the charge, the jury must have believed this was a suit for the benefit of the estate, and further that the contributory negligence of the widow was not in the case. The trial court charged as follows upon this phase of the case:

"The jury is charged that the measure of damages in this action is pecuniary only; that is, the money value of the deceased, Elmore E. Nunn, to his widow and children. You must not award anything because of the loss of the society of Elmore E. Nunn; you must not award anything by way of solace, by way of sorrow or anguish on account of his death. It is purely a question for the jury if you reach the question of damages as to the pecuniary damage which has been sustained, that is, such a present sum of money paid now as would fairly represent the money worth of Elmore E. Nunn to his widow and children; and should you reach that point in your deliberations in fixing the amount of damage which has been sustained by the death of Elmore E. Nunn, you may fairly take into consideration such facts as the evidence discloses as to Elmore E. Nunn's age, his health, his habits of industry, the manner in which he has contributed to the support of his widow and children during his life, and all of those facts which bear upon the question of what his life, in dollars and cents, was probably worth to his widow and children, and that sum would represent the damage the plaintiff would be entitled to recover in this case if you find on the issues in favor of the plaintiff. In no event, of course, would the plaintiff be entitled to recover more than the amount for which she prays, to-wit, twenty-five thousand dollars."

This court is of the opinion that from the entire charge it appears that a correct statement of the law applicable to the facts was given, so that the jury ▮▮▮▮▮ ▮ could not have been misled. Schomer v State ex Bettman, 47 Oh Ap 84, (16 Abs 449). If counsel for appellant was of the opinion that the charge was inadequate and further elaboration was desired, he should have requested an additional charge. MacBard Coal Co. v Bayles, 35 Oh Ap 532.

A careful reading of the record convinces this court that substantial justice was done in the cases, and that no error intervened in either case, prejudicial to the rights of the appellant, and the judgments of the trial court are affirmed.

ROSS, J, concurs.

HAMILTON, J, concurring in judgments:

I do not concur in the proposition that failure of the trial court to charge on the question of contributory negligence when raised by the evidence is an error of omission, which is waived by failure of counsel to request such charge.

The statutory requirement is that the court must charge on the issues made in the case. That contributory negligence is an issue has been definitely decided under the two issue rule decisions.

Such charge is particularly important in the instant case, No. 5172, on the question of damage. Damages are assessed to those who suffer a pecuniary loss. If plaintiff was guilty of contributory negligence she,

the widow, could not be considered in fixing the amount of damage but her negligence would not defeat recovery by the other dependents. It was, therefore, quite important that the jury should have been told the law applicable in order to properly fix the amount of damage, if there was substantial evidence of contributory negligence on the part of the widow, the driver of the automobile.

However, I have read the evidence, and do not find any substantial evidence of contributory negligence on the part of the widow, and, therefore, concur in an affirmance of the judgment in both cases.