**DEPENDABILT HOMES, INC., Plaintiff-Appellant, v. GRANT WAYNE COMPANY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5846. Decided July 15, 1958.

Benjamin F. Levinson, Columbus, for plaintiff-appellant.

Collis Gundy Lane, Theodore L. Horst, Columbus, for defendant-appellee.

## OPINION

Per CURIAM.

This court heretofore considered the errors assigned upon appeal by Dependabilt Homes, Inc., plaintiff-appellant, and being of the opinion that the lower court arrived at the correct judgment, overruled the said assignments of error. .

Plaintiff-appellant has filed a motion for re-hearing in four branches and an alternative motion to certify the case to the Supreme Court of Ohio as being a judgment in conflict with the judgments of the Courts of Appeals of Ashland County and Lucas County, Ohio. In the motion for re-hearing, the first two grounds are that this court should have reversed the judgment of the court below in order to give plaintiff-appellant "an opportunity to have its day in court" and that plaintiff-appellant "had no trial in the Common Pleas Court." These grounds bear a marked similarity to the first two assignments of error which complained of irregularities "preventing the plaintiff-appellant from having a fair trial" and the claimed failure of the trial court to allow said plaintiff-appellant "to modify, explain or add to the opening statement."

Unfortunately for the position taken by plaintiff-appellant, the bill of exceptions does not lend support to the claims of plaintiff-appellant. It is true that there was no jury trial, but the record shows that plaintiff-appellant voluntarily waived his right to such trial. It was the act of plaintiff-appellant in so doing that clothed the trial court with the power to sit as judge and jury. See bill of exceptions, page two, where counsel for plaintiff-appellant dictated into the record the following statement: "Let the record show we waive the jury."

This is followed by a detailed statement apparently making reference to the evidence plaintiff-appellant intended to offer in support of

his petition, at the conclusion of which counsel for plaintiff-appellant stated (see bill of exceptions, bottom page ten): "That, if the Court please, is our case."

This is followed by a detailed statement by counsel for defendant-appellee. It was after both opening statements that the trial court gave its decision to the effect that contingencies provided for in a written offer to purchase could not be relied upon by the purchaser after the sale had been fully consummated and the deed delivered, but on the contrary that the purchase contract was merged in the deed.

We are unable to find where plaintiff-appellant sought to call any witnesses whatsoever and we are also unable to find where the court excluded or refused to admit any testimony offered by plaintiff-appellant, and this is for the reason that apparently no attempt was made by plaintiff-appellant to offer any evidence whatsoever.

The other two branches of the motion for re-hearing namely, conflict with a judgment of the Court of Appeals of Ashland County and "other reasons apparent upon the face of the record," appear to be without merit.

The court, therefore, is of the opinion that the motion for rehearing and each branch thereof, for the reasons above set forth, must be overruled and it is so ordered.

As above stated, plaintiff-appellant also moved in the alternative to certify this case to the Supreme Court of Ohio as being a judgment in conflict with the judgments of the courts of appeals of two other counties.

Before giving consideration to the holdings in the two cases claimed to be in conflict with our recent decision, we desire to refer back to plaintiff's Exhibit No. 1, attached to the bill of exceptions, entitled "OFFER TO PURCHASE REAL ESTATE." It was signed by Leo Brown, who later assigned his rights to the Dependabilt Homes, Inc., plaintiff-appellant. It was addressed to the Columbus Realty Company, Brokers, as agents for the owners of the lots in question, The Grant Wayne Company of Hilliards, defendant-appellee herein. The said offer described the lots by number, subdivision and the street on which they abutted in the village of Hilliards, Ohio. The price for all of them was $7,500 and the terms were cash. There were the usual provisions with respect to abstract of title, a good and merchantable title in present owner, the furnishing of a general warranty deed, provisions as to payment of taxes and vague provisions respecting the payment of liens and assessments. The offerer placed a three day time limit for acceptance and allowed himself thirty days for compliance on his part having reference perhaps to liability for the payment of five percent sales commission. The offer concluded with the following paragraph:

"Remarks: Contingent—that all utilities are in and paid also contingent on F. H. A. approval. If improvements are necessary for such approval grantor to pay said improvements."

The court below in effect held that the language just above quoted constituted a contingency, which the offerer might have relied upon in refusing to go ahead with his offer to purchase real estate. While the

language above quoted is extremely vague and uncertain, we need not determine the effect of that at this time.

From the same exhibit we observe that The Grant Wayne Company accepted this three day offer the very day it was made and we learn from the opening statement of plaintiff-appellant that after the assignment of the contract from Leo Brown to the plaintiff-appellant, the said Dependabilt Homes, Inc. on November 29, 1954 paid the full purchase price of $7,500 "and received a deed * * * for the seven lots from the Grant Wayne Company to the Dependabilt Homes, Inc., which deed is recorded in Deed Record 1850, Page 638, Franklin County, Ohio, Recorder's Office." (See bill of exceptions, page 3.)

The trial court no doubt noted that the language above quoted from the offer to purchase is in the present tense. It states that the offer is contingent upon the fact "that all utilities **are** in and paid." (Emphasis added.)

It is well to have the above matters clearly in mind when examining the two cases referred to by plaintiff-appellant. The request to certify this case is based upon **Article IV, Section 6, Ohio Constitution,** as amended effective January 1, 1945. So far as pertinent here, this section provides:

"* * * and whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

It must be borne in mind that before we can certify a case as being in conflict, we must determine that the judgment upon which we have agreed is in conflict with the judgment pronounced "upon the same question" by another court of appeals.

The first case claimed to be in conflict is **Galvin v. Keen, 100 Oh Ap 100,** decided November 30, 1954 by the Court of Appeals of Ashland County. This case was a suit for damages for alleged breach of contract due to the alleged faulty construction of a house which the defendant built for the plaintiff. One of the defenses was that after completion of the house and before the date of delivery of the deed to plaintiff, said plaintiff inspected the premises and found them acceptable. The court in the Galvin case, supra, denied any recovery whatever "as to defects or noncompliance with the contract, either known or which should have been known by a proper inspection, such defects are waived, and no recovery permitted." (See Syllabus 2, Galvin v. Keen, supra.)

It would appear that a prospective purchaser could determine with but little trouble—either by inspection or inquiry—whether in fact such utilities were in fact "in."

The court in Galvin v. Keen, supra, allowed recovery for damages for hidden or latent defects as to drainage tile, water-proofing of the basement walls and sub-flooring under the kitchen and bathroom floors. The court referred to them as "latent defects which the plaintiffs could not and did not know about * * * when the deed was delivered." (See opinion by Putnam, P. J., Galvin v. Keen, supra, at page 103.)

At page 105 of the opinion in this case the court said:

"To summarize, it is our judgment that in such a case as this the execution of the contract is not merged in the deed as to latent defects not known to the vendee and not in conformity to the contract. As to other defects and noncompliance with the contract, either known or which should have been known by a proper inspection, these would be waived and no recovery permitted."

It is our opinion that the case of Galvin v. Keen, supra, so far as it is similar upholds and does not conflict with the judgment heretofore rendered by this court.

The other case referred to is styled **Brint, et al, v. Doyon,** 7 Abs 427, decided by the Court of Appeals of Lucas County on February 4, 1929. In that case there is only a scanty statement of facts, but it would appear that the plaintiff in the court below was the purchaser of property in an allotment. Said paintiff sued to recover damages for failure on the part of the allotter to install certain improvements, which apparently were to be installed within a reasonable time after the consummation of the sale. There was, in that case, no representation whatever that the improvements were in place either when the contract was executed August 3, 1918, nor when the purchase price was paid and the deed delivered on September 3, 1918.

There were various defenses in that case including a claim of co-tenancy and the claimed merger of the contract and the consequent extinguishment of rights under the contract between delivery and acceptance of the deed. The court overruled both of these objections for the simple reason that the installing of these improvements was, by the terms of the written contract, to be performed within a reasonable time in the future. Stated another way, there was an express agreement on the part of the allotter to install said improvements within a reasonable time in the future, which admittedly had not been done. There were other questions relating to the measure of damages which are not important here. One of the headnotes in this case provides as follows:

"Deed extinguishes obligations of prior contract so far, and only so far, as it excludes them."

In the course of the opinion in the Brint case, supra, by Lemert, J., page 427, it is said:

"It is further contended that the acceptance of the deed by Doyon merged his rights under the written contract. In other words, that Doyon's rights under the written contract were all extinguished by the acceptance of the deed which did not carry the provisions of the contract with reference to the improvements. We understand the rule to be that a deed extinguishes the obligations of a prior contract so far, and only so far, as it excludes them."

As before stated, both the facts and the holding in the Brint v. Doyon case, supra, differ in so many respects that we can not find they involve "the same question."

For the reasons above set forth the alternative motion to certify as being in conflict, above referred to, is not well taken and, therefore, must be overruled.

PETREE, PJ, BRYANT and MILLER, JJ, concur.